[695 NYS2d 133]

In the Matter of CYRUS WOLF, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 20, 1999

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.
*Hal R. Lieberman,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

On March 2, 1999, the respondent was convicted, upon a

jury verdict, of commercial bribing in the first degree (two counts), commercial bribing in the second degree, and scheme to defraud in the first degree. Commercial bribing in the first degree under Penal Law § 180.03 and scheme to defraud in the first degree under Penal Law § 190.65 are class E felonies.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

In view of his automatic disbarment upon his conviction of a felony, the respondent's request that the Court consider a lesser sanction, or permit him to resign, is denied.

BRACKEN, J. P., S. MILLER, O'BRIEN, RITTER and SULLIVAN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Cyrus Wolf, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cyrus Wolf is directed to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.